THE PEOPLE ex rel. P. J. Lucey, Attorney General, Appellee, vs. THE METROPOLITAN STATE BANK, Appellant.

*Opinion filed February 16, 1916—Rehearing denied April 6, 1916.*

1. BANKS—*when bank cannot move out of former village limits after annexation.* If the capital stock of a bank organized and doing business in a village is merely the amount required by statute for village banks, it cannot, after annexation of the village to a city, exercise its banking functions in any place outside of the territorial limits of the former village. (*People* v. *Adams State Bank, ante,* p. 277, followed.)

2. SAME—*injunction is a proper remedy to prevent bank from moving location.* Where a bank organized in a village is threatening, after annexation of the village to a city, to move its place of business to a place in the city outside of the former limits of the village without having the capital stock required by law to do business in the city, injunction is a proper remedy.

FARMER, C. J., and DUNN, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

LYMAN, ADAMS & BISHOP, for appellant.

P. J. LUCEY, Attorney General, and THOS. E. DEMPCY, for the appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county entered July 16, 1915, enjoining the appellant, the Metropolitan State Bank, from moving its bank from the site or corporate limits of the village of Morgan Park as the same existed at the time said bank was organized and prior to the annexation of said village to the city of Chicago, and enjoining it from exercising its corporate powers and franchises at any place in the city of Chicago outside of said former corporate limits of said village. Said bank was organized under the State Banking law on April 6, 1914, and was given a charter for ninety-nine years to

do business, with all the privileges of such a bank, in the village of Morgan Park. On April 22, 1914, the annexation of the village of Morgan Park to the city of Chicago became effective. Up to that time appellant had complied with all of the provisions of the banking laws.

The chief question urged on this appeal is whether the bank is violating any law in threatening to move beyond the limits of the village of Morgan Park as the same existed prior to annexation to the city of Chicago, to some place within the limits of said city of Chicago outside said village limits, such intention not having been expressed until Morgan Park became a part of Chicago. This identical question was passed on by this court in *People* v. *Adams State Bank,* (*ante,* p. 277.) In that case the bank had moved from the original limits of Morgan Park into another section of Chicago, and its right to do business was raised by an information in the nature of *quo warranto.* Every question raised here, except one, including the constitutionality of the Bank act and the right of the bank to do business or exercise its corporate powers in any section of the city of Chicago other than within the original corporate limits of Morgan Park, was argued in that case and decided adversely to appellant. The conclusion on these questions in that case must control here.

The only additional question raised here is whether a bill for injunction is the proper remedy, on the ground that the decree herein might not be susceptible of practical enforcement. No authorities are cited in support of this position. This court has held that where a valid corporation assumes to exercise licenses or powers in excess of authority legally conferred upon it, a court of equity, upon a proper showing, has jurisdiction to interfere and restrain it. (*Attorney General* v. *Chicago and Evanston Railroad Co.* 112 Ill. 520; 22 Cyc. 873, and cited cases.) Manifestly, if appellant cannot do business or exercise any of its corporate powers or franchises in any part of the city of Chi-

cago outside of the original limits of Morgan Park, this decree is a very practical and effective remedy to prevent its thus acting in excess of its corporate powers.

The decree of the circuit court must be affirmed.

*Decree affirmed.*

FARMER, C. J., and DUNN, J., dissenting.